UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY FLADUNG and PHIL FLADUNG ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-180-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 31). Plaintiffs, Mary and Phil Fladung brought this action under the Federal Tort Claims Act ("FTCA") against both the United States of America (the "United States") and the United States Postal Service (the "Postal Service"). Defendants contend that the United States is the only proper party defendant in an FTCA action, and therefore, the Postal Service should be dismissed as a defendant from this action. For the following reasons, the Motion for Judgment on the Pleadings is **GRANTED**.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Under Rule 12(b)(6), a complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a

cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

## II.  BACKGROUND

On March 13, 2014, Mrs. Fladung tripped and fell at the U.S. Post Office in Carmel, Indiana. Plaintiffs contend that her "fall and subsequent injuries were directly and proximately caused by the carelessness and negligence of the Defendants." ([Filing No. 1 at 1](#) ¶ 4.) On January 22, 2016, Plaintiffs filed this action in district court, naming both the United States and the Postal Service as defendants. The Complaint explicitly alleges that "[t]his action arises under Title 28 of the United States Code § 2671 et seq., more commonly known as the Federal Tort Claims Act."

([Filing No. 1 at ¶ 4](#).) Defendants have answered the Complaint and as an affirmative defense, assert that Plaintiffs improperly named the Postal Service as a party.

### III.  DISCUSSION

The FTCA specifically provides that "the *United States* shall be liable, respecting provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674 (emphasis added). Thus, under the FTCA, a governmental agency cannot be sued in its own name. *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Pursuant to the Postal Reorganization Act, the Postal Service is "an independent establishment of the executive branch of the Government of the United States." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (*quoting* 39 U.S.C. § 201). As such, an action under the FTCA must be brought against the United States, not a federal agency or federal employees.

Because Plaintiffs bring solely tort claims in their Complaint, based on the purportedly negligent activities of the Postal Service, the FTCA applies to their claims against the Postal Service. *See* 39 U.S.C. § 409(c); *Dolan*, 546 U.S. at 483. The only proper defendant in an FTCA action is the United States. *See Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008). The Plaintiffs agree. In their response, Plaintiffs notify the Court that they have no objection to the Postal Service's motion. ([Filing No. 34](#).)

Accordingly, Defendants' Motion is granted and the claims against the Postal Service in this action are dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Filing No. 31) and the Postal Service is dismissed as a defendant in this action. The Clerk shall terminate the United States Postal Service as a party.

**SO ORDERED.**

Date: 9/13/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
gina.shields@usdoj.gov